IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal Action No. 3:19-cr-36–HEH-1 |
| ) | Civil No: 3:23cv857-HEH |
| TITUS LEE, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on April 11, 2022, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner Titus Lee ("Petitioner"). (ECF Nos. 224, 225.) On November 28, 2023, the Court received a submission from Petitioner entitled, "Plain Error (b)." (ECF No. 255.) As discussed below, this submission is a successive, unauthorized, 28 U.S.C. § 2255 motion.

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)) (internal quotations omitted). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2255 motion from Petitioner absent authorization from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2244(b)(3)(A). Petitioner cannot avoid that result by simply omitting reference to 28 U.S.C. § 2255 in his submission. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (emphasizing that inmates may not circumvent the limitations on successive §

2255 motions simply by inventive labeling). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)) (emphasis omitted).

Petitioner's current motion, which appears to blame counsel for a purportedly incorrect sentencing guidelines range (*see* "Plain Error (b)" at 2), argues that he is not guilty of aiding and abetting (*see id.* at 3), and challenges his conviction and sentence pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), falls squarely within the ambit of 28 U.S.C. § 2255(a). (*See id.* at 5–6.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because the Court has not received

authorization from the Fourth Circuit to file the motion, the action (ECF No. 255) will be dismissed for want of jurisdiction. The Clerk will be DIRECTED to file the present action as an unauthorized successive motion under 28 U.S.C. § 2255. A certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 18, 2023
Richmond, Virginia